**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Weltha J. Jones-Rankins,<br><br>Plaintiff,<br><br>v.<br><br>Cardinal Health, Inc., et al.,<br><br>Defendants. | No. CV-12-02360-PHX-DGC<br><br>**ORDER** |

Plaintiff Weltha J. Jones-Rankins is a former employee of Defendant Cardinal Health Inc. The other named Defendants, Brian K. Merrill, Robert S. Randklev, Valerie Pitteroff, Lisa Marling-George, Johnni Beckel, Steven B. Merkin, Elizabeth Brown, and Ryan McGraw, are Cardinal Health employees who allegedly participated in discriminatory conduct against Plaintiff. Before the Court are Defendants' motion to reassign the case to Judge Martone (Doc. 14), a motion to stay or dismiss (Doc. 15), and a motion to dismiss (Doc. 16). The first is a motion to stay or dismiss based on Plaintiff's failure to pay the bill of costs from a previous lawsuit involving similar claims against Defendant Cardinal Health, Inc. Doc. 15. The second is a motion to dismiss for failure to state a claim. Doc. 16. Plaintiff has filed responses to all three motions (Docs. 20-22) and Defendants have filed three replies (Docs. 25-27). No party has requested oral argument. For the reasons that follow the Court will grant the motion to dismiss for failure to state a claim, and deny the motion to reassign the case to Judge Martone and the motion to stay or dismiss for failure to pay fees as moot.

## I. Background.

Plaintiff is an African-American female formerly employed by Defendant Cardinal Health, Inc., as a Senior Human Resources Consultant for the West region. Plaintiff's employment was terminated on August 3, 2009. Nearly a year after her termination, Plaintiff brought suit alleging discriminatory conduct against Cardinal Health, Inc. in the District of Arizona. *Jones-Rankins v. Cardinal Health, Inc.*, No. CV 10-01626-PHX-FJM, 2011 WL 6298011 (D. Ariz. Dec. 16, 2011) ("*Jones-Rankins I*"). On December 16, 2011, Judge Martone granted summary judgment in favor of Defendant Cardinal Health. *Id*. Plaintiff appealed and the case is currently pending before the Ninth Circuit. On January 20, 2012, Judge Martone issued an order requiring Plaintiff to pay Defendant's costs in the amount of $1,875.42.

On November 5, 2012, Plaintiff filed this suit naming Cardinal Health, Inc. and Brian K Merrill as Defendants. Doc. 1. On February 1, 2013, Plaintiff filed an amended complaint adding additional Defendants. Doc. 6. The complaint lists fourteen causes of action, all of which flow from allegedly discriminatory and retaliatory treatment Plaintiff suffered at the hands of her employer.

## II. Legal Standard.

When analyzing a complaint for failure to state a claim to relief under Rule 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009), and they are insufficient to defeat a motion to dismiss for failure to state a claim, *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010). To avoid a Rule 12(b)(6) dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## III. Analysis.

Defendants move to dismiss this action on several grounds. They argue that in

light of the earlier lawsuit over similar issues, Plaintiff should be precluded from bringing this suit by the doctrine of res judicata.  They also argue that Plaintiff's failure to list this potential claim amongst her assets in a recent bankruptcy precludes her from asserting this claim under the doctrine of judicial estoppel.  Defendants also contend that Plaintiff lacks prudential standing as a result of the bankruptcy and that the claim may only be brought by the bankruptcy trustee.  Finally, Defendants argue that the statute of limitations for suing following the issuance of a "right to sue" letter from the EEOC expired before Plaintiff filed the current suit.

**A.     Res Judicata.**

"Res judicata bars relitigation of all grounds of recovery that were asserted, or could have been asserted, in a previous action between the parties, where the previous action was resolved on the merits." *United States ex rel. Barajas v. Northrup Corp.*, 147 F.3d 905, 909 (9th Cir. 1998).  Res judicata, or claim preclusion, applies "whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003) (quoting *Stratosphere Litig. L.L.C. v. Grand Casinos, Inc.,* 298 F.3d 1137, 1143 n. 3 (9th Cir. 2002)).  Identity of claims exists when two suits "arise from the same transactional nucleus of facts." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 714 (9th Cir. 2001) (internal quotation marks and citation omitted).  "Privity between parties exists when a party is 'so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved.'" *Stratosphere*, 322 F.3d at 1143 n. 3 (quoting *Schimmels*, 127 F.3d at 881).

Plaintiff argues that res judicata should not apply because identity of the claims does not exist and because the parties are not in privity.  Plaintiff also mentions a delay in handling her claims in the EEOC that prevented her from bringing the second law suit sooner.  The Court will address each argument.

### 1. Identity of Claims.

In *Jones-Rankins I*, Plaintiff brought discrimination and retaliation claims under Title VII and 42 U.S.C. § 1981. Case No. CV 10-01626-PHX-FJM, Doc. 1 at 6. She alleged that Ms. Pitteroff, who was not a named Defendant in the first suit but has been named in this suit, "attempted to fabricate frivolous and unsupported accusations of performance issues, subjective and biased misrepresentation of personal character, and professional demeanor," and that Cardinal Health "intentionally created and encouraged a hostile work environment for me." *Id*. ¶¶ 10-11. Plaintiff claimed that when the company was reorganized she was not afforded the opportunity to stay in her home state or considered for a salary review while other similarly situated employees were. *Id*. ¶¶ 13-14. Plaintiff also complained about "key decision-makers" Robert Randklev, Brian Merrill, and others singled out Plaintiff because she had implied that race might have been a motivating factor for disparate treatment she claims to have experienced. *Id*. at 2; *see also* Case No. CV 10-01626-PHX-FJM, Doc. 58 at 4, 6, 8-10, 14-15, 19, 21 (naming individuals as "participants in the disparate retaliatory treatment"). Furthermore, in her opposition to summary judgment, Plaintiff mentioned an "internal campaign to end her employment with Cardinal Health" and alleged that her termination "resulted from a third alleged retaliatory action by Brian Merrill." *Id*. at 6 & n.1.

Plaintiff claims that the original case involved claims related to the elimination of her position in Arizona and that the new case involves different discrimination and retaliation claims related to her ultimate discharge. Doc. 22 at 9. It is true that the second suit contains claims about discrimination surrounding Plaintiff's discharge that were not asserted in the first suit, but additional grounds for recovery that "could have been asserted," *Barajas*, 147 F.3d at 909, are not sufficient to establish that the two suits do not "arise from the same transactional nucleus of facts." *Owens,* 244 F.3d at 714. Both suits involve allegedly discriminatory action by Plaintiff's supervisors in the period leading up to her ultimate discharge. Although the first suit does not style the discharge as a separate ground for recovery, it mentions the discharge and accuses several of

Plaintiff's supervisors of participating in a "campaign to end [Plaintiff's] employment." Case No. CV 10-01626-PHX-FJM, Doc. 58 at 6.  Furthermore, Plaintiff brought *Jones-Rankins I* nearly a year after her discharge, meaning that all of the alleged grounds of recovery in the new suit could have been included in the first suit.  The court finds an identity of claims between the two suits.

### 2. Privity.

Both suits name Plaintiff's employer, Cardinal Health, as a Defendant.  Cardinal Health was the sole Defendant in the first suit; the present suit includes eight additional Defendants.  Three of the additional Defendants were subjects of allegations in the first suit, and the remaining five are all employees of Cardinal Health with human resources responsibilities.  Cardinal Health is an entity that can only act through its employees.  Although the first suit only named Cardinal Health, simply joining individual employees of a corporate entity does not defeat privity.  The Court finds that the additional parties named in the second suit are so identified in interest with Cardinal Health that they represent precisely the same right in respect to the subject matter involved.  *Stratosphere*, 322 F.3d at 1143 n. 3.  The parties to the two suits are therefore in privity for purposes of res judicata.

### 3. EEOC Claim.

Plaintiff argues that the EEOC claim related to the facts at issue in this case was not processed until eight months after the filing of the first suit.  Doc. 22 at 10.  If Plaintiff means to argue that she could not have brought these additional claims in the first suit, that contention is not supported by Ninth Circuit law.  "Title VII claims are not exempt from the doctrine of res judicata where plaintiffs have neither sought a stay from the district court for the purpose of pursuing Title VII administrative remedies nor attempted to amend their complaint to include their Title VII claims."  *Owens,* 244 F.3d at 715.  The Court finds that the pending EEOC claim is no defense to res judicata preclusion.

Judge Martone issued a final judgment on the merits in *Jones-Rankins* I.  Having

found that an identity of claims exists and that the parties to the two suits are in privity, the Court finds that Plaintiff is precluded from bringing this suit.

### B. Additional Theories.

Because the Court has found that this suit is barred by the doctrine of res judicata, it need not address the additional theories Defendants assert for dismissal.

**IT IS ORDERED:**

1. Defendants' motion to dismiss (Doc. 16) is **granted.**
2. The amended complaint (Doc. 6) is **dismissed with prejudice.**
3. Defendants' motion to reassign the case to Judge Martone (Doc. 14) is **denied as moot**.
4. Defendants' motion to stay or dismiss this lawsuit until Plaintiff has paid the bill of costs from her last lawsuit (Doc. 15) is **denied as moot**.
5. The Clerk is directed to terminate this action.

Dated this 28th day of May, 2013.

_____
David G. Campbell
United States District Judge