**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Weltha J. Jones-Rankins,<br><br>    Plaintiff,<br><br>v.<br><br>Cardinal Health, Inc., et al.,<br><br>    Defendants. | No. CV-12-02360-PHX-DGC<br><br>**ORDER** |

On May 29, 2013, the Court issued an order granting Defendant's motion to dismiss for failure to state a claim. Doc. 28. On June 17, 2013, Plaintiff filed a motion for reconsideration. Doc. 29. The Court will deny Plaintiff's motion.

**I.     Background.**

In *Jones-Rankins v. Cardinal Health, Inc.,* No. CV 10-01626-PHX-FJM, 2011 WL 629011 (D. Ariz. Dec. 16, 2011) ("*Jones-Rankins I*"), Plaintiff alleged discriminatory conduct against her former employer. Plaintiff's claim was defeated on the merits. *Id*. In its previous order the Court determined that *Jones-Rankins I* met the requirements for res judicata and therefore precluded Plaintiff from bringing the related claims in this case. Plaintiff's motion to reconsider alleges that the Court improperly considered statements made in the briefs of *Jones-Rankins I* and that there was no identity of claims between the two suits.

**II.    Legal Standard.**

Motions for reconsideration are disfavored and are not the place for parties to make new arguments not raised in their original briefs and arguments. *See Northwest*

*Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988). Nor should such motions ask the Court to rethink its analysis. *See United States v. Rezzonico*, 32 F.Supp.2d 1112, 1116 (D. Ariz. 1998) (citing *Above the Belt, Inc. v. Mel Bohannon Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). Under Rule 59(e), a motion for reconsideration should not be granted unless the Court is presented with newly discovered evidence, committed clear error, the initial decision was manifestly unjust, or there is an intervening change in controlling law. *See 389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (citing *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)); *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003).

**III.   Analysis.**

Plaintiff's primary contention is that the first suit did not involve a claim for wrongful termination and so the new suit does not share an identity of claims. This argument has already been considered and rejected. While the Court acknowledged that the second suit contained claims about discrimination surrounding Plaintiff's discharge that were not asserted in the first suit, it found that those claims could have been asserted in the first suit and therefore were insufficient to establish that the two suits do not "arise from the same transactional nucleus of facts." Doc. 28 at 4 (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 714 (9th Cir. 2001)).

Plaintiff objects to the Court's citations from the "factual background" portion of her brief in the first case, which she argues was not part of the claim but rather the factual predicate upon which retaliation claims were based. She argues that it is a contradiction for the Court to note that the wrongful termination was mentioned in the briefing of the first suit and then to hold that the wrongful termination claim was not part of the first suit.

Identity of claims does not require that a particular claim was actually brought in the first action in the same form in which it is brought in the second action. It requires only that the claim "arise from the same transactional nucleus of facts" as the claim in the first action, *Owens,* 244 F.3d at 714, and that the claim "could have been asserted" in the

first action, *United States ex rel. Barajas v. Northrup Corp.*, 147 F.3d 905, 909 (9th Cir. 1998). Contrary to Plaintiff's assertion, the Court's conclusion that there was an identity of claims did not rest on the fact that wrongful termination was mentioned in the first-case briefing. As explained in the order, the first suit was initiated nearly one year after Plaintiff's discharge. Doc. 28 at 5. Both suits allege discriminatory action, and all of Plaintiff's claims could have been asserted in the first suit. *Id*.

Plaintiff has not presented new evidence, has not shown that the Court committed clear error, and has not demonstrated an intervening change in law. Accordingly, the Court will deny the motion for reconsideration.

**IT IS ORDERED** that Plaintiff's motion for reconsideration (Doc. 29) is **denied.**

Dated this 20th day of June, 2013.

_____
David G. Campbell
United States District Judge